# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THE FIDELITY LAND TRUST
COMPANY, LLC as Trustee for Florida
Land Trust No. 02040 dated June 12, 2012,**

**Plaintiff,**

**-vs-**                                    **Case No.  6:12-cv-1676-Orl-19DAB**

**SECURITY NATIONAL MORTGAGE
COMPANY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SANCTIONS (Doc. No. 18)** |
| **FILED:** | **December 12, 2012** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

*Background*

Plaintiff, The Fidelity Land Trust Company, LLC as Trustee for Land Trust No. 02040 (herein "Fidelity") filed an action in state court, seeking declaratory judgment as to the title of certain real property and related relief.  Defendant, Security National Mortgage Company ("Security"), moved to dismiss the action in state court, and Fidelity moved to stay the case (Docs. 3, 4).  On November 7, 2012, Security removed the action to this Court (Doc. 1), along with the pending motions. Following removal, Security filed in this Court a renewed Motion to Dismiss (Doc. 7).  On November

21, 2012, the Court denied Fidelity's motion to stay the case, noting: "to the extent [Fidelity] wishes to prosecute its case, it must abide by its obligations as a litigant and timely respond to the pending motion to dismiss." (Doc. 10). On December 10, 2012, Fidelity filed a Notice of Voluntary Dismissal without prejudice "pursuant to FRCP Rule 41(a)(1)(A)(i)" (Doc. 15).  Upon consideration of the Notice, the District Court dismissed the case, denied pending motions as moot, and closed the file (Doc. 16).  Security now seeks an Order "pursuant to section 57.105, Florida Statutes, and/or its inherent authority, imposing sanctions, including but not limited to attorney's' fees and costs and/or other sanctions against Plaintiff" (Doc. 18).  No response has been filed. Nevertheless, for the reasons set forth herein, it is **respectfully recommended** that the motion be **denied.**

*Issues and Analysis*

**Section 57.105**

In a diversity action, the substantive law of the forum state is applied, along with federal procedural law.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  The Eleventh Circuit has stated that "[a]ttorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 955 F.2d 1467, 1478 n. 11 (11th Cir.1992).  Thus, the Court finds this provision to be substantive and can be applied in a proper case.

Section 57.105 provides, in pertinent part:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.

\*\*\*

(3) Notwithstanding subsections (1) and (2), monetary sanctions may not be awarded:

(a) Under paragraph (1)(b) if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.

(b) Under paragraph (1)(a) or paragraph (1)(b) against the losing party's attorney if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts.

(c) Under paragraph (1)(b) against a represented party.

Florida Statutes § 57.105.

Security asserts that the Amended Complaint was frivolous within the meaning of this section, and that sanctions are thus warranted.  In support of this contention, Security argues the merits (or lack thereof) of the Amended Complaint, and contends that Fidelity is not entitled to rely on the good faith exception set forth at § 57.105(3)(a) or (b).  The Court need not reach these issues, however, as Security has failed to establish that it has meet the procedural requirements of the statute, which require:

(4) *A motion* by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Florida Statutes § 57.105(4) (emphasis added).

Security admits that it sent a letter, and not a motion, to Fidelity's counsel.  This is dispositive under Florida law.  *See Nathan v. Bates*, 998 So.2d 1178, 1179 (Fla. 3rd DCA 2008) ("The Floyds argue that the letter of August 30, 2007, placed Nathan on notice of their intent to seek fees. The statute, however, clearly provides for a motion, not a letter");  *Anchor Towing, Inc. v. Fla. Dep't of Transp.*, 10 So.3d 670 (Fla. 3d DCA 2009) (holding that a party failed "to meet the mandatory notice requirement of section 57.105(4)" by sending a letter instead of "the statutorily required motion" to

opposing counsel, as statutes "in derogation of the common law" are "strictly construed"); *Kenniasty v. Bionetics Corp.,* 10 So. 3d 1183 (Fla. 5th DCA 2009) (a letter is not a motion under the statute), *decision quashed on other grounds,* 69 So. 3d 943 (Fla. 2011). [1] As statutes authorizing awards of attorney's fees are in derogation of common law and must be strictly construed, *Montgomery v. Larmoyeux,* 14 So.3d 1067, 1072 (Fla. 4th DCA 2009)(collecting cases), Security's failure to comply with the terms of the statute compels denial of the request for § 57.105 fees.

*Inherent Authority*

Security next contends that it is entitled to an award of fees and costs as a sanction, pursuant to this Court's inherent authority as recognized in *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). As noted in the motion, the Court has inherent authority to manage its affairs and sanction parties or counsel for conduct that abuses the judicial process. *See F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1136 (9th Cir. 2001) (describing, *inter alia,* the federal courts' "ability to address the full range of litigation abuses through their inherent powers."); *see also Chambers v. NASCO, Inc.,* 501 U.S. at 45-46. The touchstone for an award of fees under the Court's inherent authority is intentional misconduct and courts have the power to sanction parties, lawyers, or both for engaging in same. *Chambers, supra,* 501 U.S. at 44-45; *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir. 2006). The Court may tax attorneys' fees and costs "when [the client, attorney, or both] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001) *abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc.,* 657 F.3d 1146, 1151 (11th Cir.2011) (internal quotation omitted), or may otherwise impose sanctions for failure to comply with court orders or the Federal Rules of Civil Procedure, *Zocaras v. Castro,* 465 F.3d 479, 490 (11th Cir. 2006).

---

[1]Curiously, considering the context of this motion, Security failed to cite any of these Florida cases directly on point.

Here, Security contends that fees should be awarded as Fidelity and its counsel 1) "willfully disobeyed the Court's order;" 2) had no objectively reasonable factual or legal basis to pursue the claims alleged in the Amended Complaint; and thus 3) "defiled the very temple of justice through their deliberate misuse of the judicial process."

Security is wrong when it contends that Fidelity and counsel disobeyed an order directing Fidelity to respond to the pending motion to dismiss.  No such order compelling compliance was entered.  Rather, the Order denying the motion to abate stated:

> To the extent Fidelity disagrees with the state court's findings, it is free to pursue its state court remedies. In the meantime, Plaintiff has seen fit to file this action and, *to the extent it wishes to prosecute its case*, it must abide by its obligations as a litigant and timely respond to the pending motion to dismiss.

(Doc. 10, p. 4-emphasis added).  Shortly thereafter, it appears that Fidelity determined that it did not wish to prosecute the case, and filed a Notice of Voluntary Dismissal.  The dismissal of the action is not in derogation of this Order, which did no more than emphasis the obligation of every litigant to prosecute their action or risk dismissal for failure to do so.

The Court is also not convinced by Security's contention that the allegations were so without factual and legal support that they warrant sanctions.  To the extent Security is claiming that Plaintiffs had no factual or legal basis under Rule 11, Federal Rules of Civil Procedure, to bring this claim, a sanctions motion under inherent authority is not a substitute for compliance with the safe harbor provisions of Rule 11. There is no showing that a motion in compliance with Rule 11 was ever served on Fidelity.

As for the deliberate misuse of the judicial process contention, even if Security were absolutely correct in its position on the lack of merit of the lawsuit, that is not enough to establish the requisite bad faith.  Under our court system, a plaintiff is entitled to bring an action that turns out to be without merit and, although he may be liable for costs under Rule 54, absent a statutory or

contractual ground for fee shifting, he is not liable for his opponent's attorney's fees. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 602, 121 S.Ct. 1835, 1839, 149 L.Ed. 2d 855 (2001) ("In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser.")  The imposition of attorney's fees as a *sanction* requires more than just asserting a position that turns out to be wrong.  Although Security cites to Fidelity's conduct in *other* cases or courts as support for its contention that it should be sanctioned in *this* case, it cites to no conduct in *this* docket to support a finding of bad faith.  Indeed, the only paper ever directly filed by Fidelity in this docket was the Notice of Voluntary Dismissal, filed slightly more than a month after removal.  The Court cannot find deliberate misuse of the judicial process on such a record.  The temple of justice remains chaste.

For the foregoing reasons, it is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 7, 2013.

*David A. Baker*
                    DAVID A. BAKER
       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy